JUDGMENT

PER CURIAM.
This appeal was considered upon the briefs and the appendices filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s orders granting appellee’s motions for summary judgment be affirmed.
First, the district court correctly granted summary judgment on Thomas’s claims of discriminatory non-selection for the positions of Special Assistant to the Director and Lead Logistics Management Specialist because Thomas’s conceded failure to apply for either position precluded his ability to establish a prima facie case of discrimination. 2007 Mem. Op. at 14; accord Cones v. Shalala, 199 F.3d 512, 516 (D.C.Cir.2000). Second, the court correct *27 ly granted summary judgment on Thomas’s claim of discriminatory non-selection for the position of Lead Support Specialist (LSS) because he failed to rebut the defendant’s non-discriminatory explanation for non-selection, viz., that the selected candidate was better qualified than Thomas. 2007 Mem. Op. at 15 (citing Holcomb v. Powell, 433 F.3d 889, 897 (D.C.Cir.2006)).
Finally, the district court correctly granted summary judgment on Thomas’s age discrimination claim regarding his non-selection for the LSS position. We need not consider whether the defendant was estopped from moving for summary judgment on this claim because Thomas’s argument to that effect was not raised in his opening brief. See Am. Wildlands v. Kempthorne, 530 F.3d 991, 1001 (D.C.Cir.2008). As the district court concluded, the additional evidence Thomas submitted in support of this claim is insufficient to raise a disputed issue of fact. 2009 Mem. Op. at 7. Ms. Smoak’s comment that Thomas had “retired in place,” when read in context, clearly refers to Thomas’s work ethic, not to his age. 2009 Mem. Op. at 9. With respect to Thomas’s allegation that Mr. Lister told him about “rumors” that other people had stated Thomas was not selected because he had reached “retirement age,” the undisputed circumstances make clear no reasonable jury could credit this evidence.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.